10-3964-cv
Golodner v. City of New London

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand eleven.

PRESENT:

> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges*.

---

DANIEL GOLODNER,
> *Plaintiff-Appellant*,

-v.-                                                              No. 10-3964-cv

CITY OF NEW LONDON,
TODD BERGESON,
GENARO VELEZ,
PATRICIA TIDD,
DEANNA NOTT,
MARGARET ACKLEY,
OFFICER GARNETT,
> *Defendants-Appellees*.[1]

---

[1]Defendant Carter has died since the filing of this action, and his estate has not been substituted as a party-defendant. Accordingly, the claims against Carter are hereby dismissed. Fed. R. Civ. Pro. 25(a)(1). Additionally, Defendant Garnett's name is presently misspelled "Garnet" on the caption for this case. The Clerk of the Court is directed to amend the caption accordingly to conform with the caption as shown above.

JOHN R. WILLIAMS, Law Office of John R. Williams, New Haven, Connecticut, for *Plaintiff-Appellant.*

JAMES N. TALLBERG, Karsten, Dorman & Tallberg, LLC, West Hartford, Connecticut, for *Defendants-Appellees.*

Appeal from the United States District Court for the District of Connecticut (Eginton, *Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment entered on September 3, 2010 is AFFIRMED.

Plaintiff Daniel Golodner ("Golodner") appeals from the grant of summary judgment pursuant to Fed. R. Civ. P. 56. Golodner contends principally that the District Court erred in its ruling that he failed to raise a genuine issue of material fact as to his 42 U.S.C. § 1983 claims against Defendants Todd Bergeson, Genaro Velez, Patricia Tidd, Deanna Nott, Margaret Ackley, and Officer Garnett (the "Individual Defendants"), and that the grant of summary judgment to all the Individual Defendants precluded liability of the City of New London. We presume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal and revisit those topics below only as necessary to facilitate this discussion.

We review a district court's grant of summary judgment *de novo*, with "[a]ll evidence submitted on the motion . . . construed in the manner most favorable to the nonmoving party." *Horvath v. Westport Library Ass'n*, 362 F.3d 147, 151 (2d Cir. 2004). "Summary judgment is appropriate only if the moving party shows that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law." *Miller v. Wolpoff & Abramson, L.L.P.*, 321 F.3d 292, 300 (2d Cir. 2003). The moving party is entitled to summary judgment where "the plaintiff has failed to come forth with evidence sufficient to permit a reasonable juror to return a

verdict in his or her favor on" an essential element of a claim on which the plaintiff bears the burden of proof. *In re Omnicom Grp., Inc. Sec. Litig.*, 597 F.3d 501, 509 (2d Cir. 2010) (quoting *Burke v. Jacoby*, 981 F.2d 1372, 1379 (2d Cir. 1992)). We may affirm on any ground supported by the record. *See Beal v. Stern*, 184 F.3d 117, 122 (2d Cir. 1999).

Golodner argues on appeal that he has created a genuine issue of material fact as to whether Defendant Garnett, along with Officer Carter, omitted material evidence from the May 25, 2006, arrest warrant application, thereby violating his Fourth Amendment rights. We disagree. In his Opposition to the Motion for Summary Judgment, Golodner argued that probable cause was absent because Garnett and Carter failed to mention in the warrant application that "a witness had attempted to contact Officer Carter or that [Officer Carter or] Garnett had neglected to make any attempt to establish contact with this witness." The District Court correctly concluded that failure to include this information is insufficient to negate probable cause. "[A]n officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." *Panetta v. Crowley*, 460 F.3d 388, 395-96 (2d Cir. 2006). Golodner now bases his argument on various other alleged omissions not argued below. "The law in this Circuit is clear," however, "that where a party has shifted his position on appeal and advances arguments available but not pressed below, . . . waiver will bar raising the issue on appeal." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 124 n.29 (2d Cir. 2005) (alteration in original) (internal quotation marks omitted).

Golodner next contends that the District Court erred by failing to address his First Amendment retaliation claim, construing that claim instead to be a complaint regarding the City of New London's failure properly to investigate his complaints regarding the conduct of the New London Police Department. We disagree. Golodner's Opposition to the Motion for Summary Judgment discussed his First Amendment claims under the title, "The Plaintiff Was Denied His

3

Right to Petition for Redress of Grievances," and the discussion itself adheres to this theory of the case. Having elected to argue his First Amendment claim below on a redress of grievances theory, Golodner may not now shift to an alternative theory not presented to the District Court. *See Wal-Mart*, 396 F.3d at 124. Even if Golodner did not waive his retaliation claim, we affirm the District Court's dismissal on the alternate ground that the existence of probable cause is a complete defense to a claim of retaliatory arrest. *See Mozzochi v. Borden*, 959 F.2d 1174, 1179 (2d Cir. 1992). The District Court found that all of Golodner's arrests were based on probable cause; therefore, his First Amendment claim fails on a retaliation theory as well.

Golodner also argues that the District Court erred in determining that no reasonable jury could conclude that he was treated differently from his neighbors without a rational basis. He further contends that the District Court's reliance on *Engquist v. Oregon Department of Agriculture*, 553 U.S. 591 (2008), has been undercut by our decision in *Analytical Diagnostic Labs, Inc. v. Kusel*, 626 F.3d 135 (2010). Without addressing whether our holding in *Kusel* reaches the facts at bar, we disagree that the District Court erred in concluding that the police had a valid basis for distinguishing between Golodner and his neighbors.

A plaintiff suing on equal protection grounds under a "class of one" theory must show that a rational person could not view his circumstances as different from a comparator's "to a degree that would justify the differential treatment on the basis of a legitimate government policy," and that "the similarity in circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake." *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006). Here, Golodner only alleges a single instance in which he was treated differently from an arguably comparably situated neighbor: namely, Officer Nott's issuance of a summons for breach of peace to him when his neighbor Ricky Cordero, with whom Golodner had been involved in an

4

altercation, received only a traffic citation.  However, Officer Nott's report indicates that she spoke with a witness who confirmed Cordero's version of events, and Golodner has not controverted this evidence.  A witness's corroboration of Cordero's version of events, but not Golodner's, would permit a rational person to distinguish between Golodner and Cordero.

Finally, Golodner suggests that the District Court's decision on his municipal liability claim was "unduly simplistic," Appellant's Br. at 26, based on our decision in *Barrett v. Orange County Human Rights Commission*, 194 F.3d 341 (2d Cir. 1999).  We acknowledge, as did the *Barrett* Court, that "municipal liability for constitutional injuries may be found to exist even in the absence of individual liability, at least so long as the injuries complained of are not solely attributable to the actions of the named individual defendants." *Id.* at 350.  However, we have determined here that Golodner failed to create a genuine issue of material fact with regard to any of his claims, whether they allege conduct by named individual defendants or not.  Accordingly, the District Court did not err in granting summary judgment to the City of New London.

To the extent Golodner raises other arguments with respect to the judgment below, we have considered them and reject them as meritless.

Accordingly, for the foregoing reasons, the judgment of the district court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk
